IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY FALLON,   No. CIV.S-05-1431 LKK DAD PS

        Plaintiff,

   v.   FINDINGS AND RECOMMENDATIONS

UNITED STATES GOVERNMENT,

        Defendant.
_____/

        By order filed November 22, 2005, plaintiff, proceeding in this action pro se, was directed to show cause in writing why this matter should not be dismissed for lack of subject matter jurisdiction. Plaintiff was forewarned that the failure to timely comply with that order would result in a recommendation that this action be dismissed. The required time has expired and plaintiff has not responded to the court's order.

        As observed in the order to show cause, the one-page handwritten complaint submitted by plaintiff is largely illegible. It appears to allege that plaintiff has initiated this action to

recover money damages of "four trillion dollars" as a result of an incident involving plaintiff's brother, "local police," and another man who apparently is deceased. No basis for federal jurisdiction is alleged. Therefore, the undersigned finds that the court lacks subject matter jurisdiction over this matter. See Bell v. Hood, 327 U.S. 678, 682 (recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly insubstantial and frivolous" and "so patently without merit"); Hagans v. Levine, 415 U.S. 528, 543 (stating that a claim may be dismissed for lack of jurisdiction where it is "so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). See also Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)("A paid complaint that is 'obviously frivolous' does not confer federal subject matter jurisdiction and may be dismissed sua sponte before service of process.")(citations omitted).

      Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3).

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file

1  objections within the specified time may waive the right to appeal
2  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
3  Cir. 1991).
4  DATED: December 21, 2005.

```
                                  /s/ Dale A. Drozd
                                  _____
                                  DALE A. DROZD
                                  UNITED STATES MAGISTRATE JUDGE
```

8  DAD:th
   Ddadl\orders.prose\fallon1431.f&r